# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIAN R. BLACKSHEAR,<br><br>      Plaintiff,<br>v.<br><br>C.O. THURSTON, C.O. REGAZZI, C.O. FLOWMATER, SGT. KRUSE, UNIT MANAGER BROWN, JESSICA STUDINSKI, UNIT MANAGER DEBOLD, LIEUTENANT KAMINSKI, LT. AMIN, HSU MANAGER FRAISER, CAPTAIN CAIRA, and JASEN ALDANNA,<br><br>      Defendants. | Case No. 19-CV-252-JPS<br><br>**ORDER** |

  Plaintiff Julian R. Blackshear, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $2.97. 28 U.S.C. § 1915(b).

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

During the events of this case, Plaintiff was incarcerated at Racine Correctional Institution, and Defendants were medical, security, and supervisory staff at the prison. Plaintiff alleges that at various times, Defendants C.O. Thurston, C.O. Regazzi, C.O. Flowmater, and Sgt. Kruse (the "Officer Defendants") engaged in acts of sexual abuse against him. Plaintiff further alleges that the remaining Defendants (the "Supervisory Defendants") occupied various positions of authority and had responsibility over the Prison Rape Elimination Act ("PREA") complaints that Plaintiff made about the incidents. Plaintiff states that the Supervisory

Defendants undertook little or no investigation in response to his complaints and at times actively undermined any such investigation.

In light of the generous standard of review applicable at the screening stage, the Court concludes that Plaintiff may proceed on a claim for cruel and unusual punishment, in violation of the Eighth Amendment, against the Officer Defendants for their acts of abuse. Some of the acts involved touching, and others did not, so the Court will allow Plaintiff to proceed on a more generic Eighth Amendment claim at this time, as opposed to one specifically involving sexually gratifying touching, *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012), or an inappropriate strip search, *Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009). The Court will entertain a reformulation of this claim at a later stage if the parties demonstrate that this would be appropriate and helpful to the litigation.

Plaintiff may not, however, proceed against the Supervisory Defendants on any claims. PREA does not provide a private right of action to prisoners when prison officials' conduct fails to comply with the Act. *Ross v. Gossett*, No. 15-CV-309-SMY-PMF, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016) (collecting cases). While prison officials have a duty to protect inmates from assault (sexual or otherwise), there is no constitutional requirement for them to investigate or otherwise attempt to correct assaults after they are completed. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Plaintiff does not allege that the Supervisory Defendants had any prior knowledge that the assaults would occur or were in a position to stop them. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner

violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). The Supervisory Defendants will, therefore, be dismissed.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Cruel and unusual punishment, in violation of the Eighth Amendment, against the Officer Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Unit Manager Brown, Jessica Studinski, Unit Manager Debold, Lieutenant Kaminski, Lt. Amin, HSU Manager Fraiser, Captain Caira, and Jasen Aldanna be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on the remaining Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the remaining Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $347.03, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge